UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERTO LA COSS**　　　　　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**SCOTT LADWIG, ET AL.**　　　　　　　　　　　　　　**26-141-SDD-RLB**

<u>**ORDER**</u>

Considering the Petitioner's *Motion for Temporary Restraining Order and Preliminary Injunction* (Doc. 2),

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order be and is hereby GRANTED;

The Court finds that the Petitioner has demonstrated a substantial likelihood of success on the merits;

The Respondent represents that it is unable to supply any documentation which demonstrates a likelihood of Petitioner's removal in the reasonably foreseeable future (Rec. No. 25);

Based on the facts alleged in the Verified Petition (Rec. No. 1) and the Government's representation, (Rec. No. 25) the Court finds that Petitioner is substantially likely to succeed on the merits of his claim that he is unconstitutionally detained. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

The Court finds that the Petitioner is likely to succeed on the merits of his claim that the 2008 ICE Order of Supervised Release (OSUP) vested Petitioner with a protected liberty interest, and that his arrest and re-detention on September 16, 2025 was without Due Process of Law;

The Court finds that the Petitioner will suffer irreparable harm before a decision on the merits can be rendered and that his continued deprivation of liberty cannot be ameliorated by an award of damages;

The Court finds that balance of equities weighs in favor of Petitioner's immediate release. To be legally eligible for supervised release by ICE, ICE was required to show that Petitioner was not a danger to the public and not a flight risk. 8 C.F.R. § 241.4(e). Accordingly, the Court finds that Petitioner's immediate release outweighs any hardship to the Government.

**IT IS ORDERED** that the Respondents effectuate an immediate release of Petitioner.

**IT IS ORDERED** that the Petitioner be released within 24 hours of the entry of this Order and that Respondent provide Petitioner's counsel with 3 hours advance notice of the time and location of the Petitioner's release.

**IT IS FURTHER ORDERED** that on the Motion of the Government (Rec. No. 22) the Petitioner's Motion for Preliminary Injunction (Rec. No. 2) hereby consolidated with the Petition for Habeas Corpus (Rec. No. 1) and a trial on the merits shall commence on March 3, 2026 at 9 am.

Signed in Baton Rouge, Louisiana, on <u>February 23, 2026, at 4:35 p.m</u>.

*[Signature: Shelly D. Dick]*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**